**PETERSON WATTS LAW GROUP, LLP**
GLENN W. PETERSON, ESQ. (126173)
2267 Lava Ridge Court, Suite 210
Roseville, CA  95661
Phone: (916) 780-8222
Fax:    (916) 780-8775
gpeterson@petersonwatts.com

*Attorney for Plaintiff,*
One Day Enterprises, LLC

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ONE DAY ENTERPRISES, LLC, a Delaware Limited Liability Company;<br><br>           Plaintiffs,<br>vs.<br><br>DAVID SHRAGER, a natural person; MARKET VISION OF FL INC; a Florida corporation; and DOES 1-50, inclusive;<br><br>           Defendants. | Case No.<br><br>**COMPLAINT FOR LANHAM ACT VIOLATIONS AND RELATED CLAIMS**<br><br>_____<br><br>JURY DEMAND |

Plaintiff One Day Enterprises, LLC ("**One Day**" or "**Plaintiff**"), against the above-named Defendants, and each of them, ("**Defendants**"), claims and alleges as follows:

**JURISDICTION AND VENUE**

1.  This is an action for trademark infringement and false designation of origin/false advertising under the Lanham Act, 15 U.S.C. §1125, and pendent claims under state law. This Court has subject matter jurisdiction over the matters complained of under 28 U.S.C. §1331, §1338(a) and §1367. Additionally, diversity jurisdiction also exists pursuant to 28 U.S.C. § 1332(a)(1), since this action involves citizens of different states and Plaintiff's claims for relief herein exceed the sum or value of $75,000.

2.  Venue is proper in this judicial district pursuant to 28 U.S.C. §1391(a), (b) and (c), as one or more Defendants have committed acts of infringement and unfair competition in this judicial

district, and a substantial part of the events or omissions giving rise to the claims occurred, or a substantial part of property that is the subject of the action is situated in this district. Although Defendants are domiciled in Florida, the nature of their misconduct complained of herein rendered it foreseeable that the resulting harm and injury would be suffered here. Moreover, numerous written agreements between Plaintiff and Defendants contain forum selection provisions that make this court a proper, bargained for forum for this dispute.

## PARTIES

3. Plaintiff One Day is a Delaware Limited Liability Company with business offices at 3387 Industrial Ave., Rocklin, CA. Defendants operated a One Day dealership in the South Florida market area, pursuant to written agreements that provide that jurisdiction and venue are proper in this court.

4. Plaintiff alleges on information and belief that Defendant David Shrager ("**Shrager**") is an individual resident of Florida and has done business under the fictitious names MIAMI DOORS & CLOSETS, INC. a/k/a SOUTH FLORIDA DOORS & CLOSETS, INC., and executed various contracts with Plaintiff using those names. Plaintiff, therefore, sues them as fictitious denominations of Shrager himself or, alternatively, as unincorporated associations controlled solely by Shrager ("**Defendants**" herein).

5. Defendant MARKET VISION OF FL INC is a Pennsylvania corporation with principal business offices at 3907 NW 82nd Way, Cooper City, Florida ("**Market Vision**"). Upon Plaintiff's information and belief, Market Vision is owned and controlled solely by Defendant Shrager and used in business as his alter ego and, further, Market Vision has used the fictitious names MIAMI DOORS & CLOSETS, INC. a/k/a SOUTH FLORIDA DOORS & CLOSETS, INC. and executed various contracts with Plaintiff using those names. At all times relevant herein, Shrager has had the ability to control the infringing conduct of Market Vision.

6. Defendants are domiciled in Florida, but their misconduct complained of herein occurred in substantial part within this Court's territorial jurisdiction, and it was also reasonably foreseeable that the resulting harm and injury would be suffered here. Moreover, as noted above, the written agreements between Plaintiff and Defendants contain forum selection provisions that make

this court a proper, bargained for forum for this dispute.

7. The true names or capacities, whether individual, corporate, associate, or otherwise, of Defendants DOE 1 through 50 are unknown to One Day and One Day therefore sues such Defendants by fictious names and will amend this Complaint to show their true names and capacities when ascertained. One Day is informed and believes and thereon alleges that each of the Defendants designated as a DOE is responsible in some manner for the events herein referred to, and thereby proximately causes damage to One Day as herein alleged.

8. One Day is informed, believes, and thus alleges that at all relevant times, each of the Defendants was the agent, alter ego, co-conspirator, employee, joint venture, partner, servant, and/or surety, of each of the remaining Defendants and was at all relevant times acting within the scope and purpose of that agency, conspiracy, employment, partnership, relationship, service, surety, or venture, with the express or implied consent, knowledge, or ratification of each of the other Defendants.

9. One Day is informed, believes, and thus alleges that at all relevant times, each of the Defendants were aware that the other Defendants planned to commit the wrongful acts alleged herein, and that each of the Defendants agreed with the other Defendants' plans and actions, and intended that the wrongful acts be committed, and/or encouraged, and/or aided the other Defendants in committing the wrongful acts herein alleged.

10. One Day is informed, believes, and thus alleges that at all relevant times, the Defendants knowingly and willfully conspired and agreed among themselves to commit the wrongful acts alleged herein, and together committed these wrongful actions in furtherance of this conspiracy.

## GENERAL ALLEGATIONS

11. One Day manufactures and sells interior doors and closet enhancements. Its operations include a network of dealerships, with over 50 locations now operating in the U.S. and over one million interior doors and closets installed nation-wide. One Day is the largest company of its kind in North America, has won multiple national awards, and has been recognized by interior designers for offering homeowners the best interior and closet door replacement. One of its principals was featured on the American reality television series, *Extreme Makeover*: *Home Edition*. Central to One

1  Day's unique business model is the use of state-of-the-art, 3D-measuring technology that enables
2  replacement of all the doors in a home within a day or less, and with no messy construction, and for
3  much less than the price of traditional home improvements and archaic installation methods.

4      12.  Over the course of many years, One Day has expended significant money and resources
5  developing its trademarks and service marks, including hundreds of thousands of dollars spent on
6  cultivating good will and name recognition for its branded products and services. As a result of these
7  efforts, the One Day marks have achieved significant secondary among consumers in relevant
8  markets nationwide and One Day products and services are highly regarded for their quality.

9      13.  Plaintiff's registered marks being infringed by Defendants include the following: US
10  Registration No. 5314580 (words and design), No. 5036121 (words), and No. 98246740 (words)
11  [herein "Plaintiff's Marks"].



(Reg. No. 5314580)

(Reg. No. 6036121)

(Reg. No. 98246740)

21      14.  Mindful of Plaintiff's trademark rights, and the valuable goodwill Plaintiff has earned in
22  Plaintiff's Marks, Defendants, commencing in approximately June of this year, began using
23  Plaintiff' Marks on goods and services not associated with, nor sponsored or approved by Plaintiff.
24  In so doing, they have used Plaintiff's Marks without Plaintiff's permission or consent.

25      15.  Defendants claim that their dealership affiliation with Plaintiff was terminated on July
26  30, 2025, yet they have continued to use Plaintiff's marks in commerce, but on goods/services not
27  affiliated with or approved by Plaintiff. In doing so, they have deceived consumers, including
28  potential customers of Plaintiff, to purchase goods and services thinking that they were associated

1  with Plaintiff when in fact they were not.

2  16. Additionally, Defendants have multiplied their consumer deception by using Plaintiff's photos, designs, and trade dress in their marketing materials, both on line and elsewhere, as shown in this photograph:



17. Plaintiff further alleges on information and belief that the infringement by Defendants was willful, and done with the specific intent to lure customers away from One Day and divert them to one or more competitive enterprises controlled by Defendants.

18. Plaintiff further alleges on information and belief that Defendants have already succeeded in confusing relevant consumers; i.e., consumers have purchased goods and services from Defendants under the mistaken belief that they were affiliated with, sponsored or approved by Plaintiff. Regardless, Defendants' conduct is reasonably likely to cause confusion, deception or mistake among relevant consumers, who would surely be mislead to believe that Defendants'

goods/services sponsored by, or endorsed by Plaintiff when such is not the case.

19. Prior to filing this action, Plaintiff demanded in writing that Defendants cease and desist the infringing conduct complained of herein.

### FIRST CAUSE OF ACTION
### (False Designation Of Origin, 15 U.S.C. § 1125(a)(1)(A))

20. By Defendants' continuing unauthorized use, claim of ownership, and/or offers for sale under Plaintiff's Mark, and similar derivations thereof, Defendants have used and will continue to use a false designation of origin that is likely to cause confusion, mistake, or deception as to affiliation, connection, or association of Defendants with Plaintiff and is also likely to cause confusion as to the origin, sponsorship, or approval of Defendants' products, services or commercial activities by Plaintiff, all in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

21. Because of Defendants' aforementioned conduct, Plaintiff has been irreparably harmed in its business enterprises. Moreover, Plaintiff will continue to suffer irreparable harm unless Defendants are restrained from making false designations of origin, false descriptions, or misrepresentations regarding the Defendants' products and/or services.

22. Since Defendants' continuing infringement is willful and intentional, Plaintiff is entitled to recover the actual damages it has sustained, according to proof at trial, and is further entitled to an award of enhanced damages for willful infringement, in addition to an award of costs and attorneys fees pursuant to section 35(a) of the Lanham Act. In addition, Plaintiff is entitled to recover Defendants' profits and reasonable royalties as damages.

### SECOND CAUSE OF ACTION
### (False Advertising, 15 U.S.C. §1125(a)(1)(B))

23. Plaintiff hereby incorporates by this reference each and every allegation contained in paragraphs 1 through 16 as if set forth fully herein.

24. Plaintiff alleges on information and belief that Defendants have falsely stated and advertised the source/origin of their products and services in a manner intended to pass off their products/services as those of Plaintiff, or to otherwise benefit from deception or mistake among consumers whereby consumers would identify Defendants' products as those manufactured, sold,

licensed, or otherwise endorsed by Plaintiff.

25. By engaging in these activities, Defendants have engaged in false advertising under 15 U.S.C. §1125(a)(1)(B) and Defendants' conduct has created deception among consumers and members of the general public as to nature, characteristics, or qualities of their products/services.

26. Plaintiff has suffered actual damages as a result of Defendants' false statements in an amount to be proven at trial. Additionally, the harm to Plaintiff arising from Defendants' acts is not fully compensable by money damages. Plaintiff has suffered, and continues to suffer, irreparable harm that has no adequate remedy at law and that will continue unless Defendants' conduct is preliminarily and permanently enjoined.

27. Defendants' conduct as described above was willful and intentional. As a result, Plaintiff is further entitled to enhanced damages and an award of costs and attorneys fees under section 35(a) of the Lanham Act. In addition, Plaintiff is entitled to recover Defendants' profits and reasonable royalties as damages.

## THIRD CAUSE OF ACTION
**(Unfair Competition, False Advertising; Cal. Bus. & Prof. Code §§ 17200, et seq.)**

28. Plaintiff hereby incorporates by this reference each and every allegation contained in paragraphs 1 through 16 as if set forth fully herein.

29. Defendants' aforementioned conduct is a further violation of California law, namely, California Business and Professions Code section 17500, which provides:

> **17500.** It is unlawful for any person, firm, corporation or association, or any employee thereof with intent directly or indirectly to dispose of real or personal property or to perform services, professional or otherwise, or anything of any nature whatsoever or to induce the public to enter into any obligation relating thereto, to make or disseminate or cause to be made or disseminated before the public in this state, or to make or disseminate or cause to be made or disseminated from this state before the public in any state, in any newspaper or other publication, or any advertising device, or by public outcry or proclamation, or in any other manner or means whatever, including over the Internet, any statement, concerning that real or personal property or those services, professional or otherwise, or concerning any circumstance or matter of fact connected with the proposed performance or disposition thereof, which is untrue or misleading, and which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading, or for any person, firm, or corporation to so make or disseminate or cause to be so made or disseminated any such statement as part of a plan or scheme with the intent not to sell that personal property or those services, professional or otherwise, so advertised at the price stated therein,

or as so advertised. Any violation of the provisions of this section is a misdemeanor punishable by imprisonment in the county jail not exceeding six months, or by a fine not exceeding two thousand five hundred dollars ($2,500), or by both that imprisonment and fine.

30. By engaging in the foregoing activities, Defendants have engaged in unfair competition as defined by California Bus. & Prof. Code §§17200, et seq. and Defendants' wrongful use of Plaintiff's Mark and violation of the aforementioned laws and regulations represents unfair, deceptive, and misleading advertising in violation of California Bus. & Prof. Code §§17500, et seq.

31. Plaintiff further alleges on information and belief that Defendants have utilized deceptive and unfair practices to compete with Plaintiff, including solicitation of Plaintiff's employees for the purpose of acquiring proprietary and confidential information from said employees. Plaintiff alleges upon information and belief that Defendants are in possession of proprietary and confidential information that Defendants know or should know was obtained or removed from Plaintiff illegally.

32. Plaintiff has suffered actual injury, including loss of revenue and good will, as a result of Defendants' unfair business practices and acts of unfair competition. Plaintiff has suffered, and continues to suffer, irreparable harm that has no adequate remedy at law and that will continue unless Defendants' conduct is preliminarily and permanently enjoined.

**WHEREFORE**, Plaintiff prays judgment as follows:

a. That the Court enter judgment that Defendants have falsely designated an origin, affiliation or sponsorship by or with Plaintiff's trademarks and trade dress under the Lanham Act, 15 U.S.C. §1125(c);

b. That the Court enter judgment that Defendants have competed unfairly pursuant to the Lanham Act, 15 U.S.C. §1125(a), and the common law, and be permanently enjoined from continuing such conduct;

c. That the Court enter judgment that Defendants have competed unfairly under Cal. Bus. & Prof. Code §§17200, et seq. and advertised falsely under §§ 17500, et seq., and be permanently enjoined from continuing such conduct and required to return to Plaintiff all property they received from Plaintiff by way of its

former employees;

d. That the Court preliminarily and permanently enjoin Defendants from using the Plaintiff's trademarks, designations of origin, and any other mark, dress, word, term, name, symbol, or device that is confusingly similar to the Plaintiff's trademarks or trade dress;

e. That Defendants be ordered to pay damages to Plaintiff as a result of Defendants' unlawful acts complained of herein, including without limitation reasonable royalties, in an amount to be determined by this Court, and that said damages be trebled insofar as Defendants' unlawful acts constitute willful infringement;

f. That Defendants be ordered to account for and pay over to Plaintiff all profits realized by Defendants from the unlawful acts complained of herein;

g. That Defendants be ordered to pay Plaintiff's attorneys' fees and costs for this action pursuant to the Lanham Act;

h. That Defendants be required to pay prejudgment and post-judgment interest until such awards are paid; and

i. That Plaintiff be granted such other and further relief as shall seem just and proper to the Court.

**DEMAND FOR JURY**: Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff hereby demands a jury trial on all claims and issues so triable.

DATED:  December 15, 2025                    **PETERSON WATTS LAW GROUP, LLP**

By:_____
GLENN W. PETERSON

*Attorney for Plaintiff,*
One Day Enterprises, LLC

COMPLAINT FOR LANHAM ACT VIOLATIONS AND RELATED CLAIMS